IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL 20 PM 2:28

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| v. ) | 04-2775-B/P |
| MIRABILE INVESTMENT CORPORATION and OLIVE OIL ASSOCIATES d/b/a POPEYE'S CHICKEN AND BISCUIT RESTAURANT, ) | |
| Defendant. ) | |

## CONSENT DECREE

This lawsuit was filed September 28, 2004, by the Equal Employment Opportunity Commission (EEOC) against Mirabile Investment Corporation and Olive Oil Associates, doing business as Popeye's Chicken and Biscuits Restaurant (Popeye's) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. (Title VII). The Complaint in this lawsuit claims that Popeye's permitted one of their shift managers to sexually harass Cotrina Black; allowed one of their General Managers to sexually harass female employees, including but not limited to Latasha Thompson, Sandra Powell, Erica Joyner, Linda Rokitka, and Ashlee Harlmon; and terminated the employment of Cotrina Black in retaliation for her sex discrimination complaints. Popeye's denied all of these claims.

EEOC and Popeye's have agreed to this consent decree to settle all of the claims involved in this lawsuit.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 7-21-05

27

The Court has reviewed the terms of this decree in light of the applicable laws and regulations, and hereby approves this decree. **THEREFORE**, it is hereby **ORDERED**:

## I. JURISDICTION

The United States District Court for the Western District of Tennessee, Western Division, has jurisdiction over the parties and subject matter of this lawsuit, and will retain jurisdiction over this decree for purposes of enforcement and dispute resolution.

## II. DISCLAIMER

Neither the negotiation of or agreement to this decree is an admission or acknowledgment by Popeye's that any of its employees, officers, directors, or agents have violated Title VII.

## III. DURATION OF DECREE

This decree will be binding on the parties to this lawsuit for three years after the date of its entry by the Court.

## IV. INJUNCTIVE RELIEF

Popeye's, its supervisors, managers, officers, directors, agents, and successors are enjoined from subjecting employees to sexual harassment, and from retaliating against employees, in violation of Title VII.

## V. INDIVIDUAL REMEDIES

Popeye's will pay a total of $95,000.00 in monetary damages, as directed by EEOC, to Cotrina Black, Latasha Thompson, Sandra Powell, Erica Joyner, Ashlee Harlmon, and Julia Thompson, within twenty days after receipt of the payment instructions from EEOC. The payments will be made by mailing checks to the individuals at the addresses which will

be provided by EEOC. A copy of the checks (front and back), will be mailed at the same time to:

> Carson L. Owen, Senior Trial Attorney
> Equal Employment Opportunity Commission
> 1407 Union Ave., Suite 621
> Memphis, TN 38104

## VI. TRAINING

Within thirty days after receiving a copy of this decree entered by the Court, Popeye's will provide training for all of its employees employed at its facility located at 1430 East Brooks Road in Memphis, Tennessee (hereafter "the facility"), concerning the responsibility of all employees not to harass other employees and to report promptly any harassment which occurs.. This training will also address the responsibility of supervisors and managers to deal quickly, effectively, and fairly with any harassment found to have occurred, and not to retaliate against employees for complaining about unlawful harassment or filing charges with EEOC. Within twenty days after the completion of this training, Popeye's will submit a report to Carson Owen, at the address indicated above, confirming that this training has occurred.

## VII. POLICY PROHIBITING HARASSMENT

The policy prohibiting harassment which is attached to this decree will be complied with by Popeye's. Within thirty days after receiving a copy of this decree entered by the Court, each employee at the facility will be required to read and sign a copy of this policy, and will be given a copy of the policy. Within twenty days after this requirement has been complied with, Popeye's will submit a report to Carson Owen, at the address indicated above, confirming that this requirement has been complied with. Thereafter, whenever a

new employee is hired, he or she will be required to read and sign a copy of this policy, and will be given a copy of the policy.

## VIII. REPORTING

Popeye's will submit a report to Carson L. Owen, at the address indicated above, six months after the entry of this decree, and every six months thereafter during the duration of this decree. Each report will describe all complaints received from employees at the facility concerning harassment at work, including the name, home address, and home telephone number of each employee who complained, the nature of the complaint, what action, if any, was taken in response to the complaint, and if no action was taken an explanation of why no action was taken.

## IX. POSTING OF NOTICE

Within ten days after receiving a copy of this decree entered by the Court, Popeye's will post the notice attached to this decree for thirty days in conspicuous places at the facility where notices to employees are customarily posted. Within fifty days after receiving a copy of this decree entered by the Court, Popeye's will send a letter to Carson Owen, at the address indicated above, verifying that this requirement has been complied with.

## X. ATTORNEY'S FEES AND COSTS

EEOC and Popeye's will each bear their own attorney's fees and costs incurred in this lawsuit.

**SO ORDERED** this 20th day of July, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

Consented to on behalf of the respective parties:

| FOR PLAINTIFF EEOC: | FOR DEFENDANT: |
|---|---|

**ERIC S. DREIBAND**
General Counsel

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*/s/ Katharine L. Kores*

**KATHARINE W. KORES**
Regional Attorney
Tennessee Bar No. 006283

*/s/ Faye Williams*

**FAYE WILLIAMS**
Supervisory Trial Attorney
Tennessee Bar No. 011730

*/s/ Carson L. Owen*

**CARSON L. OWEN**
Senior Trial Attorney
Tennessee Bar No. 009240

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 621
Memphis, Tennessee 38104
Telephone No. (901) 544-0133

*/s/ Joseph W Mirabile*

**JOSEPH W. MIRABILE**
President, Mirabile Investment Corp.
Co-Owner, Olive Oil Associates,
  a partnership

*/s/ G. Patrick Arnoult*

**G. PATRICK ARNOULT**

**THE BOGATIN LAW FIRM, PLC**
Suite 300
1661 International Place Drive
Memphis, TN 38120
Telephone No. (901) 767-1234

**ATTORNEYS FOR DEFENDANT**

5

## **NOTICE**

This Notice is being posted as part of a settlement agreement between Popeye's and the United States Equal Employment Opportunity Commission (EEOC).

EEOC enforces Title VII of the Civil Rights Act of 1964 (Title VII), which prohibits employment discrimination based on race, color, religion, sex (including sexual harassment), or national origin; the Age Discrimination in Employment Act; the Equal Pay Act; sections of the Civil Rights Act of 1991; and Title I of the Americans With Disabilities Act, which prohibits discrimination against people with disabilities. Popeye's supports these Federal laws in all respects.

Two former employees of ours filed charges with EEOC complaining that they had been sexually harassed by their co-workers and managers. One of the former employees also claimed that she was discharged for complaining about the sexual harassment. We denied those claims. EEOC filed a lawsuit against us based on the charges, and claimed that seven women had been sexually harassed.

The lawsuit has now been settled. We have trained our managers about their responsibilities not to harass employees, to report all complaints about harassment, to respond quickly, effectively, and fairly whenever harassment is found to have occurred, and not to retaliate against employees who complain. We have a harassment policy, and all of you have seen it and signed it. We will not tolerate harassment of anyone in the workplace. It is your responsibility to help us make sure no harassment occurs, and, if it does, that it is reported.

_____
Joseph W. Mirabile, Co-Owner

# POPEYES CHICKEN AND BISCUIT SEXUAL HARASSMENT POLICY AND PROCEDURE

**Sexual Harassment Policy**

Our company strives to maintain a work environment where all crew members will work free from harassment. The company will not tolerate harassment of any kind.

Sexual harassment has been defined by the EEOC as any "unwelcome sexual advances, request for sexual favors, and any other verbal or physical conduct of a sexual nature". Some examples of sexual harassment could be:

A crew member is told directly or indirectly that he/she must be subjected to such conduct as a condition of employment.

Employment decisions affecting the crew member are based on whether or not the crew member submitted to such conduct.

Such conduct results in unreasonable interference with a crew member's work performance or has created an intimidating, hostile, or offensive work environment.

At Olive Oil - Popeyes, all employees are protected under this policy, regardless of their position title. If you are subject to such a situation, it is your responsibility to report this conduct through grievance procedures outlined below.

**The Grievance Procedure for Sexual Harassment is as follows:**

Step 1 - Discuss the complaint with your restaurant manager if the problem involves an assistant manager, coworker, or non-crew member (such as a customer or vendor). If the problem involves your restaurant manager or a higher level manager, or if you are just not comfortable discussing the problem with your restaurant manager, then call the Human Resources Director at 324-0459, ext. 2122, to discuss the problem.

Step 2 - If your restaurant manager does not handle the problem to your satisfaction, ask to see your district manager. Your district manager will set up a meeting with you. If your district manager cannot resolve the problem, contact Human Resources Director and/or the Director of Operations. Further information will be gathered in a confidential manner and fair and impartial decision will be made.

**Employee Problem Solving Procedures**

An organization as large and complex as our organization has the potential for work related differences and disagreements. It is the company's responsibility to resolve such issues as soon as they happen, based on facts. These resolutions will be fair and impartial. No member of management is too busy to listen to concerns or complaints of any crew member.

Sometimes a situation cannot be resolved easily. If you have a concern or complaint, we have a procedure that assures you a complete review of the situation. Again, resolutions to such situations will be fair and impartial.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 27 in case 2:04-CV-02775 was distributed by fax, mail, or direct printing on July 21, 2005 to the parties listed.

---

Faye A. Williams
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue
Ste. 621
Memphis, TN 38104

Carson L. Owen
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue
Ste. 621
Memphis, TN 38104

Katharine W. Kores
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue
Ste. 621
Memphis, TN 38104

Stephen H. Biller
THE BOGATIN LAW FIRM
1661 International Place Dr.
Ste. 300
Memphis, TN 38120

G. Patrick Arnoult
THE BOGATIN LAW FIRM
1661 International Place Dr.
Suite 300
Memphis, TN 38120

Honorable J. Breen
US DISTRICT COURT